IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWIN LEE ROBINSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-489-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Edwin Lee Robinson, TDCJ #617964, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. PROCEDURAL HISTORY

Petitioner is serving a fifty-year sentence in TDCJ for his 1992 state court conviction for aggravated sexual assault in Tarrant County, Texas. (Pet. at 2) Petitioner indicates in this petition

that he is challenging "a judgment of conviction or sentence, 'discharging of sentence.'" (*Id.*) The court construes petitioner's grounds as raising a claim that he has discharged his sentence and is entitled to release. (*Id.* at 7) Respondent has filed a motion to dismiss the petition without prejudice on exhaustion grounds. (Resp't MTD at 3-5)

### D. EXHAUSTION OF STATE REMEDIES

Applicant's seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

2

procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Contrary to petitioner's assertion, there are state remedies available to him. A Texas prisoner challenging TDCJ's sentence calculation may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Procunier*, 762 F.2d at 432. *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998). Moreover, before seeking relief under article 11.07, Texas inmates are required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[2] Only after such administrative relief is pursued and the inmate receives

---

[2]Section 501.0081 of the Texas Government Code provides:

> (a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> > (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
> >
> > (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

a written decision issued by the highest authority provided for in the resolution system, or if 180 days have passed without receipt of such a written decision, may the inmate then file a state application for writ of habeas corpus. *See id.* 501.0081(b)(1)-(2); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Petitioner has not availed himself of the administrative review process set forth in § 501.0081 or sought habeas relief in state court. (Resp't MTD, Ex. B) Notwithstanding his pro se and indigent status, he is still required to make an effort to exhaust state remedies on his own. *In re Joiner*, 58 F.3d 143, 143 (5th Cir. 1995). Thus, to satisfy the exhaustion requirement, petitioner must first pursue his claims, both, through the administrative process, if necessary, and by way of state application for writ of habeas corpus. Only after his state remedies are concluded may he raise his complaint in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).[3] Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[4]

---

[3] It is noted that the District Court may, in its discretion, deny relief on the instant federal petition notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2).

[4] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). The statute of limitations is subject to tolling under certain circumstances. 28 U.S.C. § 2244(d)(2).

## II. RECOMMENDATION

It is therefore recommended that respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 13, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 13, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __23__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE